**GLENDALE FEDERAL BANK, FSB, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 90–772 C.

United States Court of Federal Claims.

Nov. 10, 1997.

Jerry Stouck, Spiggs & Hollingsworth, Ronald Wayne Stevens, Kirkpatrick & Lockhart, Washington, DC, for Plaintiff.

Jeanne E. Davidson, U.S. Dept. of Justice, Civil Division–Commercial Litigation Branch, Washington, DC, for Defendant.

### OPINION

SMITH, Chief Judge.

### INTRODUCTION

Plaintiff seeks to introduce deposition testimony of government experts, Professors Miller, Schwert, and Ruback, as substantive evidence and for use in cross-examination of another government expert, Professor Fischel. The two issues before the court are, first, whether the deposition testimony of a party's expert given in the instant case is admissible as an admission by a party-opponent under Federal Rules of Evidence (FRE) 801(d)(2)(C). The second issue is whether such deposition testimony may be used to cross-examine an expert witness under FRE 611(b), regardless of whether or not it is admissible as substantive evidence.

### DISCUSSION

FRE 801(d) of the Federal Rules of Evidence states in relevant part:

(d) Statements which are not hearsay.—

A statement is not hearsay if—

.       .       .       .       .

(2) Admission by party-opponent.—
The Statement is offered against a party
and is . . .

.       .       .       .       .

(C) a statement by a person authorized
by the party to make a statement con-
cerning the subject, or
(D) a statement by the party's agent or
servant concerning a matter within the
scope of the agency or employment,
made during the existence of the rela-
tionship.

Fed.R.Evid. 801(d)(2)(C), (D).

## A. PARTIES' ARGUMENTS.

Plaintiff relies on the plain language of this
Rule to conclude that deposition testimony
by government experts is not hearsay and is
admissible as substantive evidence. Plaintiff
notes that government experts, including
those who were later withdrawn, were hired
by the government and were asked specifi-
cally by the government to testify at their
depositions on the subject of damages in-
curred by Glendale in this particular case.
Plaintiff concludes that those experts, hired
and put forward to testify by Defendant,
were hence "authorized" by the party to
make a statement concerning the subject and
that their deposition testimony therefore con-
stitutes an admission by a party-opponent.
Such an admission may be used for any
relevant purpose at trial.

Plaintiff cites *Collins v. Wayne Corp.*, 621
F.2d 777 (5th Cir.1980), and cases following
*Collins,* to support its conclusion that the
government experts were "authorized" within
the meaning of the Rule. In *Collins,* defen-
dant Wayne Corp. employed an expert to
investigate and analyze a bus accident and
report on his findings about the speed of the
bus and about its impact with a tractor trail-
er. The court treated that expert's deposi-
tion testimony as an admission of the defen-
dant. *Id.* at 782. The court in *Collins* noted
that Wayne Corp.'s expert, at his deposition,
was performing the function that Wayne had
employed him to perform. *Id.* Plaintiff ar-
gues that the government's experts in the

instant case were similarly employed by the
Defendant to testify at their depositions and
therefore urges the court to admit Defen-
dant's experts' deposition testimony as ad-
missions.

Defendant, relying on *Kirk v. Raymark
Indus.,* 61 F.3d 147 (3d Cir.1995), urges the
court to find that the government's experts
were not authorized to speak under FRE
801(d)(2)(C) and, therefore, that their deposi-
tion testimonies were not admissions and
thus hearsay when not used against that
deponent. In *Kirk* the plaintiff sought to
discredit defendant Owens–Corning's expert
witness by showing that another expert, tes-
tifying for Owens–Corning in another trial
had given a contradictory opinion about
which asbestos fibers cause mesothelioma, a
lung disease. *Id.* at 162–63. The Third Cir-
cuit ruled that the earlier testimony was
hearsay and not admissible. *Id.* at 164. The
*Kirk* court explained that "expert witnesses
are supposed to testify impartially in the
sphere of their expertise" and that "one can
call an expert witness even if one disagrees
with the testimony of the expert." *Id.* at
164.

## B. COURT'S ANALYSIS.

This area of the law is murky at best with
several divergent streams and many highly
fact specific eddies making up the case law.
Thus, the court, out of necessity, will attempt
to craft a coherent and functional rule based
upon the conflicting interests in a full and
fair trial based on all the basic or necessary
facts surrounding the underlying dispute and
the parties' right to explore their own cases
fully without the fear that preliminary evi-
dence could harm their case later. Admis-
sions are allowed into evidence because they
are or can be treated as the party's own
statement. *See* Edward J. Imwinkelried, *Ev-
identiary Foundations* 273, 282 (3d ed.1995);
5 Weinstein's Federal Evidence 801–50 (2d
ed.1997); 2 McCormick on Evidence 140 (4th
ed.1992); *see also* Advisory Committee Note,
Fed.R.Evid. 801(d)(2), 1972 Proposed Rules.
Here the court must decide when an expert's
deposition testimony may be treated as the
sponsoring party's own statement. The
cases cited provide helpful guidance but are

not binding on this court. Plaintiff maintains that the deposition marks a critical point as of which an expert's testimony should be treated as an admission by a party–opponent. The court feels that drawing the line at a deposition Would unduly intrude on a party's ability to control its own case. It would, even more importantly, inhibit a party's attempt to fully explore and understand its own case. This is a serious threat to the adversary system and to settlement.

We may not simply evaluate the party's relationship to its expert witness according to agency principles. FRE 801(d)(2)(C) makes no mention of "agent" or even "servant" in the Rule itself. By comparison, Rule 801(d)(2)(D) states clearly that it applies to "a statement by the party's *agent* or servant concerning a matter within the *scope of the agency* or employment, made during the existence of the relationship" (emphasis added).

Principles of statutory construction require that we interpret the statute as a whole. *Beecham v. United States,* 511 U.S. 368, 372, 114 S.Ct. 1669, 1671–72, 128 L.Ed.2d 383 (1994) (citing *King v. St. Vincent's Hospital,* 502 U.S. 215, 221, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991)). FRE 801(d)(2) includes five distinct parts. Each of these five parts describes a circumstance under which a statement will be considered an admission by a party-opponent. Each of these parts of the statute must be construed in connection with all others. *United States v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615 (1955) (quoting *Inhabitants of the Township of Montclair v. Ramsdell,* 107 U.S. 147, 152, 2 S.Ct. 391, 394–95, 27 L.Ed. 431 (1883)). While most of these five categories can be readily distinguished from one another, the difference between the "person authorized" of 801(d)(2)(C) and the "agent" of 801(d)(2)(D) is not as apparent. We may not treat either FRE 801(d)(2)(C) or (D) as superfluous nor interpret either rule so as to render its companion rule without effect. *Horner v. Merit Sys. Protection Bd.,* 815

F.2d 668, 674 (Fed.Cir.1987); *Boise Cascade Corp. v. United States E.P.A.,* 942 F.2d 1427, 1432 (9th Cir.1991).

■ FRE 801(d)(2)(C) and (D) are presented in the disjunctive and should not be collapsed into one rule. If the separate requirements of either (C) or (D) are met, the expert's deposition testimony will be an admission by a party-opponent. If the deponent is an agent, his statement falls into category (D) and we need not determine whether or not he was "authorized" to speak. If he was not an agent, his statement may fall into category (C) and we must determine whether his statement was "authorized" within the meaning of the Rule. According to 801(d)(2)(D), an agent may make vicarious admissions for his principal whether or not he is specifically authorized to speak on that subject. FRE 801(d)(2)(D) applies exclusively to agents but 801(d)(2)(C) does not. We may not apply (C) to agents because, to the extent we did so, we would render (C) superfluous.

FRE 801(d)(2)(C) applies to a person who is not an agent but is "authorized" to speak. The depositions sought to be used here are from non-agents. They are classic independent experts brought in for trial. With a non-agent under (C) there may be an issue of the scope of the authorization to speak that need not be reached under (D). Here, however, we need not reach that issue since the depositions given were clearly authorized.*

The expert witness, testifying under oath, is expected to give his own honest, independent opinion. Even at the time of his deposition he remains autonomous. He is not the sponsoring party's agent at any time merely because he is retained as its expert witness. *Accord Kirk,* 61 F.3d at 164. *Contra Collins,* 621 F.2d at 782. By the time the trial begins, we may assume that those experts who have not been withdrawn are those whose testimony reflects the position of the party who retains them. At the beginning of trial

---

* At this time the authorization is only tentative as the whole purpose of the deposition is to further an understanding of the case. Once the deposition process is concluded, the parties still need time to analyze the case in light of all the depositions and other discovery. For good lawyers this may go on to the eve of trial. It is fair, however, to conclude that once trial begins the authorization decisions are made and become irrevocable, and the statements are either admissions or hearsay.

we may hold the parties to a final understanding of their case and hence an authorization of their expert witnesses who have not been withdrawn. At this point when an expert is put forward for trial it is reasonable and fair to presume they have been authorized. This of necessity includes prior deposition testimony of that expert. This is also a rational and fair point at which to draw the authorization line.

## CONCLUSION

First Issue—

Whether deposition testimony may be treated as an admission by a party-opponent.

FRE 801(d)(2)(C) allows us to treat certain statements by another as if made by a party itself. Such treatment does not require that we find agency or control. The beginning of trial is a critical juncture. By the beginning of trial it is fair to tie the party to the statements of its experts. When admitting expert deposition testimony under FRE 801(d)(2)(C) we need not find that these experts are obligated to do the sponsoring party's bidding. We merely note that they were selected as witnesses and retained through the start of the trial because the opinions they held all along, and still hold as the trial begins, are consistent with those of the sponsoring party. We are not retroactively finding agency or control at the time of a prior deposition. Rather, an expert witness who is listed as such when the trial begins has been authorized and his or her prior statements are fair game. This, of course only applies to those made in the context of the instant proceeding. All other such statements may only be used to cross-examine that expert or others connected with the statement.

Defendant notes that in this case it had only a short time to find experts and should not have been constrained by the need to determine ahead of time who would provide favorable testimony. This problem is solved under the rule enunciated here by allowing the expert to be withdrawn prior to trial. On the other hand, neither party should be burdened with the expense of deposing excessive numbers of witnesses only to have them withdrawn prior to trial and their testimony rendered unusable as substantive evidence.

Such excessive costs can be avoided through self-regulation by the parties or, if necessary, through intervention by the court. So far the court has seen no evidence of the reality of this problem.

The court rules as follows:

■ When an expert witness is put forward as a·testifying expert at the beginning of trial, the prior deposition testimony of that expert in the same case is an admission against the party that retained him. Where an expert witness is withdrawn prior to trial, however, the prior deposition testimony of that witness may not be used. That deposition testimony is hearsay.

Applying the court's ruling to the instant case, the deposition testimony of Professors Miller and Schwert may be used as admissions against the Defendant because these testifying experts were not withdrawn prior to trial. The deposition testimony of Professor Ruback, who was withdrawn, on the other hand, may not be used for that purpose.

Second Issue—

Use of experts' deposition testimony for cross-examination of other experts.

■ FRE 611(b) limits the scope of cross-examination to "the subject matter of the direct examination and matters affecting the credibility of the witness." FRE 611(b) is not permissive, rather it is a restraint. Hearsay may not be used for cross-examination unless it qualifies under an exception to the hearsay rule or is permitted by FRE 703 because it was relied upon by a testifying expert.

The court rules as follows:

■ One expert's deposition testimony may be used on cross-examination to impeach another expert only according to the constraints imposed by the Federal Rules of Evidence. An expert witness may on cross-examination be required to disclose the underlying facts or data upon which he bases his opinion. FRE 705. Those facts or data "need not be admissible in evidence." FRE 703.

Applying these rules to the instant case, the deposition testimony of Professor Ruback may be used to cross-examine Professor Fischel only to the extent that Plaintiff can establish that the deposition testimony formed part of the underlying facts or data upon which Professor Fischel based his opinions. As already noted, the deposition testimony of Professors Miller and Schwert may be used as admissions for any purpose on cross-examination that is relevant and within the scope of direct examination.

**IT IS SO ORDERED.**